[Civ. No. 12260.   Second Appellate District, Division One.—June 30, 1939.]

RALPH J. CONDRA, Petitioner, v. CLYDE ERRETT, Chief Accounting Employee, etc., Respondent.

John Oliver and Walter S. Barrette for Petitioner.

Ray L. Chesebro, City Attorney, S. B. Robinson, Chief Assistant City Attorney, Mark A. Hall, Assistant City Attorney, and Gilmore Tilman, Deputy City Attorney, for Respondent.

DORAN, J.—This is an original proceeding in *mandamus* to compel respondent, as chief accounting employee of the

Department of Water and Power of the City of Los Angeles, to authenticate and deliver a salary demand upon the city treasurer in favor of petitioner.

The material facts stated in the petition may be summarized as follows: That petitioner was and is an employee of the Department of Water and Power of the City of Los Angeles, in the capacity of senior surveyor; that he is the holder of a commission as first lieutenant of engineers (reserve) in the Army of United States of America; that some time prior to August 14, 1938, petitioner received orders from his superior officers in the United States Army to report for military duty as reserve officer of the engineer corps in the vicinity of San Luis Obispo, California, from August 14 to August 27, 1938, which duties were performed at the specified time by the petitioner; that prior thereto, namely, on May 12, 1938, the city council had adopted Ordinance No. 79,755, providing for the payment of salary, for a period not exceeding fifteen days in any fiscal year, to any officer or employee absent from the city service "for the performance of military or naval duty under competent orders"; that on June 16, 1938, the board of water and power commissioners of the city of Los Angeles adopted Resolution No. 1113, similarly providing for the payment of salary, for a period not exceeding fifteen days in any fiscal year, to any officer or employee absent from the service of the department for the purpose of engaging in the "performance of ordered military or naval duty"; that petitioner has complied with all the procedural requirements contained in said ordinance and resolution as conditions precedent to the payment of salary, and that there has been presented to the respondent a claim or demand for the salary provided for the position held by the petitioner, for the period above mentioned, but that the respondent has refused to authenticate the demand.

Section 395 of the Military and Veterans Code of California provides that "Every officer and employee of the State, or of any county, municipal corporation . . . who is a member of . . . the reserve corps or force in the Federal military service, shall be entitled to absent himself from his duties or service while engaged in the performance of ordered military or naval duty . . . During the absence of any such officer or employee, while engaged in the performance of ordered military or naval duty as a member of the National Guard, Naval Militia, or reserve corps or force in the Federal

military, naval, or marine service, he shall receive his salary or compensation as such officer or employee, if the period of such absence in any calendar year does not exceed thirty days.''

Ordinance No. 79,755 of the city of Los Angeles is in substance as follows: ''The People of the City of Los Angeles do ordain . . . Section 1. That section 395 of the Military Code of the State of California, providing that any city officer or employee shall be permitted to absent himself from the city service for the performance of military or naval duty under competent orders, as such section now exists, is hereby adopted under the provisions of Charter Section 2, subsections 4 and 5; provided that no salary or compensation in excess of that for fifteen (15) days in any fiscal year shall be paid by the city to any officer or employee absent in the performance of such duty''.

Resolution No. 1113 adopted by the board of water and power commissioners provides in part as follows: ''Be It Resolved by the Board of Water and Power Commissioners of the City of Los Angeles, that any officer or employee of the Department of Water and Power of the City of Los Angeles who is a member of the National Guard or the Naval Militia of the State of California, or a member of the reserve corps or force in the Federal military, naval, or marine service, . . . shall, subject to the provisions hereinafter set forth, be permitted to absent himself from his duties or service for said Department for the purpose of engaging, . . . in the performance of ordered military or naval duty, . . . Be It Further Resolved that any such officer or employee who thus engages in the performance of any such ordered military or naval duty . . . and who for that reason is absent from his duties or service for the Department, shall, subject to the provisions hereinafter set forth, be entitled to his regular salary or compensation as such officer or employee, for a period of not to exceed fifteen (15) days of such absence in any fiscal year.''

It is conceded by appellant, as argued by respondent, that while section 395 of the Military and Veterans Code may require that employees of any body subject to state jurisdiction shall receive their compensation while engaged upon military affairs, such provision ''has no efficacy insofar as the compensation of the employees of a chartered municipal corporation is concerned''. It is further asserted, in substance,

that while the city council is given general authority respecting the compensation of city officers and employees (sec. 33, charter of Los Angeles), nevertheless the Department of Water and Power is given control of its own definite revenue or funds (secs. 33 and 428, charter) and is empowered to "create the necessary positions in said department, authorize the necessary deputies, assistants and employees and fix their salaries and duties". (Sec. 86, charter.) Therefore, it is maintained, the compensation of the petitioner, who at all of the material times was an employee of the Department of Water and Power, is not affected by the terms of Ordinance No. 79,755, but is controlled rather by the action of the board of water and power commissioners. Up to this point it appears that both petitioner and the respondent are in full agreement.

The instant controversy, however, arises from the interpretation to be given to the power of the board of water and power commissioners with respect to the expenditure of funds for the payment of salaries to employees while temporarily engaged upon military duties.

With regard thereto petitioner contends that under certain sections of the Los Angeles charter, the board is given the broadest possible powers within the sphere of employment, and that the authority of the board would appear to be unlimited. These sections read in part as follows:

(Sec. 78, Los Angeles charter.) "The board of each department shall have power . . . to supervise, control, regulate and manage the department and to make and enforce all necessary and desirable rules and regulations therefor and for the exercise of the powers conferred upon the department by this charter."

(Sec. 86, Los Angeles charter.) "The board of each department . . . , the finances of which are not included in the general budget, but which department itself has control of definite revenues or funds, as elsewhere in this charter set forth, shall provide suitable quarters, equipment and supplies for the department. It shall create the necessary positions in said department, authorize the necessary deputies, assistants and employees and fix their salaries and duties . . . "

Section 428 of the charter provides: "Whenever in this charter the terms 'departments having control of their own special funds' and 'departments which have control of definite revenues and funds', and other substantially equivalent

terms are used the departments included therein, and affected thereby, shall in all cases be . . . the Water and Power Department".

Respondent, however, calls attention to the limitations imposed upon the board in the matter of making expenditures. It is argued by respondent, in this connection, that "The funds derived from the operation of this municipal utility are by the charter carefully segregated from the general funds of the city, available for general municipal purposes (Charter, sec. 220), and are, in effect, dedicated to the extension, maintenance and operation of the municipal utility system and the redemption of indebtedness incurred in connection therewith (Charter, sec. 221)". It is respondent's position that Resolution No. 1113 adopted by the board is an attempt to expend funds for a purpose prohibited by the charter, and is arbitrary and invalid.

Although the foregoing summary is somewhat extensive, the conclusions may be disposed of briefly. Notwithstanding the arguments and contentions of the parties as above recited, the petition presents but two questions: First, Was the board of water and power commissioners, under the circumstances above set forth, vested with power and authority to apply public funds to the payment of the salary of an employee during the absence of such employee from official duty. That sections 78, 86 and 428 of the charter, recited above, clearly vest such power and authority in the board of water and power commissioners there can be no question. It is unnecessary to give consideration to the reasons which prompted such board to permit petitioner to remain absent from work for two weeks without a reduction or suspension of salary. It is sufficient if it is shown that the board had the power so to do. In that connection, however, it should be noted that because petitioner during his absence from work attended to military duties, it does not follow that the salary paid to him by the Department of Water and Power was an expenditure of funds prohibited by the charter. Petitioner was a permanent employee whose salary was paid by the month, and the propriety of paying such salary during his absence was a matter addressed to the judgment of the employer. The court is without power to pass judgment upon the wisdom of the board in the reasonable exercise of such authority, upon the showing herein presented. For a discussion of the subject of the power and authority of the

board of water and power commissioners see *Mesmer* v. *Board of Public Service Commrs.*, 23 Cal. App. 578, 582 [138 Pac. 935].

Secondly, is the writ sought by petitioner appropriate? In connection with the petitioner's effort to enlist the assistance of the court under the circumstances here presented, it should be noted that the respondent is one Clyde Errett, chief accounting employee of the Department of Water and Power of the City of Los Angeles, and not the Department of Water and Power itself. It should be emphasized in this regard that the Department of Water and Power, according to the petition herein, passed the Resolution No. 1113 providing for "the payment of salary, for a period not exceeding fifteen days in any fiscal year, to any officer or employee absent from the service of the department for the purpose of engaging in the performance of ordered military and naval duty", as hereinabove recited in the resolution. So far as the record discloses, the board of water and power commissioners has full authority to enforce its own resolutions, fix the duties of its employees and to require the performance thereof. There appears to be no need for any court action by way of assistance to the board of water and power commissioners under the circumstances here presented.

For the foregoing reasons the peremptory writ is denied and the alternative writ heretofore issued is discharged.

York, P. J., and White, J., concurred.